GREEN, *plaintiff in error,* vs. LOWELL.

If a writ be delivered to an officer with directions to attach property if practicable; otherwise, to make no service; it is his duty to make diligent search for property; and if none is found, to make a seasonable return of that fact, on the writ, in his official capacity, as a reason for omitting to serve the precept.

Where a deputy sheriff, having a writ in his hands for service, undertook to receive the money of the debtor, and make no service of the writ;—it was holden that the sheriff was liable, under a charge for neglecting to serve and return the writ, to the amount of the money and interest; and this without any previous demand on the officer.

IN a writ of error to the Court of Common Pleas, upon exceptions filed there to the opinion of *Smith* J. the case appeared to be thus:—

*Lowell,* who was the original plaintiff, brought an action of the case before a Justice of the Peace, against the plaintiff in error, who is sheriff of this county, for the neglect of one *Enoch W. Adams,* his deputy, in not serving and returning a writ of attachment. The Justice, on motion of the plaintiff, granted him leave to amend his writ, by adding a new count, charging the default to have been by *Ebenezer W. Adams* his deputy, the name of *Enoch* having been inserted in the first count by mistake. The defendant pleaded before the Justice that *Enoch W. Adams* was not his deputy;—and also the general issue of not guilty; on which pleas issues were joined.

The cause coming into the Court of Common Pleas by appeal, the amendment made before the Justice was allowed. The plaintiff proved at the trial that the writ was delivered to the deputy with directions written on the back of it, to attach property to respond debt and costs, or make no service;—that the officer, before the time of service expired, shewed the writ to the debtor, who paid him the debt and costs, taking the account, which the officer detached from the writ and delivered to him; —and that the officer communicated these facts to the creditor's attorney, adding that he could find no property of the debtor to attach, and requesting him to direct the mode in which he would have the money remitted; which the attorney declined to do. There was evidence shewing that though the debtor had no visible property, yet his credit was good for a greater sum than the value in controversy here, which he could raise at any time; and that his circumstances were not altered since the original writ was sued out against him.

The Judge instructed the jury that upon this evidence it appeared that the deputy had neglected his duty, for which the sheriff was liable; and they found for the plaintiff the amount of his debt, with interest.

The errors assigned were,—1st—that the verdict and judgment were not according to the issues joined;—2d.—that the sheriff was made answerable for the conduct of his deputy when not acting in his official capacity;—3d.—that interest was allowed on the money, without proof that it had been demanded;—4th —that the officer was not bound to serve the writ but upon conditions with which he could not comply, and therefore was not bound to return the writ;—5th—that the officer was ordered to make no service of the writ, which therefore was never in the custody of the law, and the sheriff therefore was not answerable for the omission of his deputy to return a writ or mesne process which the duties of his office did not require;—6th—the general error. Plea, *in nullo est erratum.*

*Bulfinch*, for the plaintiff in error. The amendment was irregularly allowed, because the name of another deputy being inserted, its effect was to disclose a different cause of action,

and to take the defendant by surprise.    The allowance of interest also was irregular, because the money had never been demanded. 7 *Mass.* 464.

The undertaking of the officer to receive the  money on mesne process was a matter in no respect resulting from his official duty ;   and therefore the sheriff was not responsible.    7 *Mass.* 123.    Nor did the debtor  deliver the money to be  attached on the writ, but paid it to be applied to the immediate discharge of the debt, by private contract with the officer.    4 *Mass.* 60.    11 *Mass.* 207.    15 *Mass.* 200.

The orders of the plaintiff to the officer were, to attach property, or make no service.    By the  terms  of these directions he might do either, at his election ;  and he elected the latter.    He was not bound to *return* the writ ;  for no fees are allowed by law for the return of  precepts not  served ;  and the law enjoins no duty, for which it provides no reward.

But if he was liable, the damages should  have  been merely nominal ;  because the plaintiff's right of action against his debtor is not impaired by any facts appearing on  the  record ;  and the debtor's responsibility is as good now as before.

*Evans*, for the original plaintiff, to shew that the amendment, was regular, cited *Phillips v. Bridge* 11 *Mass.* 246.    *Sherman v. The Proprietors of Connecticut River Bridge ib.* 338 ;—and he said that the first issue was immaterial, so that finding it for the defendant would not entitle him to judgment.    Under the plea of not guilty the whole matter of the defence was open to the defendant ;  and the special plea before the Justice, even if it had been good in form, was improperly put in.    5 *Mass.* 380.    9 *Mass.* 322.    10 *Mass.* 66.

The action, he contended, was for not *serving* and not *returning* the writ, both which the deputy was bound to do ; and for neglect of which the sheriff was answerable.    The orders of the plaintiff only modified the former branch of his  duty,  leaving the latter unaffected.    But he might have attached the money he received ; for the debtor  voluntarily placed it in his  hands, and  could not afterwards object or resist it.    And if he could not, yet he should have *returned* the writ, with his doings.    Every plaintiff is entit-

led to the return of an officer under the sanction of his oath of office, of all the facts touching the precept in his hands, stating the manner of its service; or the reasons why service is not made. It is only at the place of return that he can look for such information as will enable him to act with prudence in any ulterior measures the case may require him to adopt.

The opinion of the Court was delivered at the ensuing *June* term in *Kennebec*, by

WESTON J. The amendment, first allowed by the Justice and approved by the Common Pleas, was without doubt within their discretion to grant. It did not introduce a new cause of action, but was the mere correction of a mistake in setting forth the only one, which was intended to be prosecuted ; and if authority was necessary for its allowance, *Phillips v. Bridge*, cited by the counsel for the defendant in error, is a case in point.

As to the special plea, upon which issue was joined before the Justice, if that had been expressly found for the original defendant at the Common Pleas, it would not have entitled him to judgment ; inasmuch as after the amendment, it answered only one count in the declaration. Every advantage, which he could have derived from the special plea, he was equally entitled to under the general issue ; and that being found for the plaintiff, the point in controversy between the parties, was sufficiently settled by the verdict to authorize the judgment.

When *Adams*, the deputy, received the original writ, sued out by the defendant in error, it was his official duty to obey its precept ; subject however to the control and direction of the original plaintiff. The direction he received was, to attach property, if practicable ; otherwise to make no service. If he neglected to make diligent search for the property, or to attach it when found, or otherwise abused his official trust, the original plaintiff had his remedy not only against him, but against his principal, the sheriff. If in fact he did make diligent search for property, and was unable to find any, it was his duty, on or before the return day of the writ, to set forth this fact affirmatively in his official capacity ; and to assign it as a reason for his failure to make service ;

and, so doing, he would have been justified. But instead of this, he tore from the writ the account annexed, thus defacing and injuring the process, which it was unquestionably the duty of his office to preserve from mutilation. We are satisfied, that the facts proved disclose a failure of official duty, for which the sheriff is responsible ; and we perceive nothing in the case, which can be considered as a waiver, on the part of the original plaintiff, of his right to proceed against him.

With regard to the damages, it was a question for the jury, upon which it does not appear that the presiding Judge in the Court below gave them any special instruction ; or that he was desired so to do by the counsel for the original defendant. But if however it was a point now open before us, we do not perceive that, under all the circumstances, the damages can be considered as excessive.

The exceptions are overruled ; and the judgment is affirmed with costs.